Case No. 25-1480, Shauna Gafner v. Oasis Legal Finance, LLC. All right. Good morning, everyone. Of course, I'm Justice Lampkin. You have Justice Rochford and Justice Reyes also on the screen. First, I'd like the parties to identify themselves for the record, please. And at all times, speak up loudly so we can hear you. Daniel Bozinski, representing the appellant, Mrs. Gafner. Good morning, counsel. Good morning. Christine Skoczylas on behalf of the Oasis parties, the appellees. All right. And I see someone else. Ovis? She's at work. Sorry. All right. Wonderful. All right. For both sides, for the first, you have 15 minutes apiece. For the appellant, would you like to reserve any time for rebuttal? Yes, Your Honor. If I could reserve three minutes, that would be great. All right. That's fine. And understand that we have, of course, read the record and we've read your brief. So please, you know, concentrate on the issues that you've raised. And is it Bozinski? Am I saying that right? Yes, Your Honor. Wonderful. Wonderful, counsel. You can proceed when you're ready. Thank you. And good morning, Justices. May it please the Court. This case turns on whether equitable tolling applies to Ms. Gaffner's claims. There is no dispute that at the very minimum, the New Jersey statutory claims were timely filed in the New Jersey action. And so whether this case moves forward in one form or another turns on equitable tolling. There is a dispute. Can I just add, just from your first statement, I just wanted to make sure that you are not arguing that the DEC action or the unjust enrichment claims were timely filed in New Jersey. Is that what you are saying? No, Your Honor. There's a dispute as to that. But there is, as far as I understand, no argument that the statutory claims were filed timely in the New Jersey action. Under both New Jersey or Illinois version of the equitable tolling doctrine, a claim will be told if it is wrongly filed or mistakenly filed in the wrong forum. And that is what happened in this case. We have a situation involving a New Jersey resident, funds that were dispersed in New Jersey, a contract that is governed by New Jersey law. And under New Jersey's consumer lending statute, a business that's involved in the consumer lending business that is not licensed, any contract with the consumer is considered void. Counsel, can I ask you a question? When you were in the circuit court before Judge Hall, and excuse my voice, I'm losing my voice a little bit. Did you argue that New Jersey law applies to the equitable tolling issue? It wasn't an issue that was raised, Your Honor. We briefly cited Illinois law for the proposition that a filing or mistakenly filing in the wrong forum will provide for equitable tolling. But I will admit we did not cite New Jersey law in the lower court. I don't think that prevents the court from first addressing what law applies to the equitable tolling doctrine in the Arizon case that we cited. That was the very first issue that the Court of Appeals addressed. It was federal causes of action there. None of the parties in that case addressed the existence of federal equitable tolling. And yet the Court of Appeals still addressed that question first and found that federal equitable tolling applied to the case and would not apply to the plaintiff. In that case, the court then proceeded to address whether Illinois equitable tolling would apply. But that was the very first question that the court addressed, and that clearly was not raised below. I'm sorry, go ahead. Okay, so if we follow that analysis, why would the New Jersey equitable tolling law apply here? Yes. Sorry, Your Honor. No, just how would we come to that conclusion? Yes, so in the Arizon case, the court took a look at the nature of the claims. In that case, it was federal statutory claims. I think it was under the FCRA and found that because it's federal statutory claims, federal tolling principles applied. In this case, we've got New Jersey statutory claims, and so New Jersey equitable tolling should apply. That's the first basis. The second basis is that the contract is governed by a choice of law provision, and that choice of law provision provides that New Jersey law should apply. And that's a second reason why New Jersey's equitable tolling principles should govern over Illinois. So do you think equitable tolling principles are procedural or substantive? In this case, Your Honor, they would be substantive because it applies to statutory limitations. Thank you, Counsel. Counsel, both in New Jersey and in Illinois, for equitable tolling to take place, another factor that we have to look at is the extraordinary barriers or circumstances that prevented your client from pursuing this action. I looked in the record. I didn't see anything that you pointed out to the trial court as an extraordinary barrier or circumstances. What were those circumstances or barriers? Yes, Your Honor. So the issue, the reason why, again, it was filed in New Jersey is because we have New Jersey parties, New Jersey choice of law provision. And the New Jersey statute specifically says that if you're not licensed as a consumer lender, that the statute is void. And so the argument was, and obviously it didn't succeed, was that because it's a void statute under our theory, the venue provision also should not govern. Federal court disagreed with us. But under the case that we provided, it was at the very minimum reasonably arguable that a New Jersey court could and should have exercised jurisdiction over this case. And that's kind of on the very low side of that, of the standard for equitable tolling. We cited New Jersey cases where the argument for jurisdiction in the court that was drawn from was much flimsier. Cases that involved clear lack of personal jurisdiction over the defendant and it just simply not the court not having subject matter jurisdiction. And in both of those cases, and to be fair, those were New Jersey cases, the court applied equitable tolling. Again, we think that our analysis before the federal court in New Jersey was at minimum reasonably debatable and that would justify the application of equitable tolling. As to the issue as to whether Illinois or New Jersey equitable tolling applies, frankly, I don't know if there is very much difference there. As I mentioned, both allow the equitable tolling to apply if it was mistakenly filed in the wrong jurisdiction. You know, there is more case law in New Jersey on equitable tolling. There's not that much in Illinois. And the cases that we cited from New Jersey, the ones I just mentioned about mistakenly filing it in the wrong forum, I think our case clearly passes that bar. It wasn't obvious that the federal courts or New Jersey courts were going to lack jurisdiction. It was reasonably debatable that, you know, the statute voiding the underlying contract would allow us to file in New Jersey. There is an argument from the appellees that equitable tolling, it freezes the statute of limitations at the time that the action is filed. The argument goes that because we filed this action on the very last day of the six-year statute of limitations, that once the federal court dismissed the action, we had essentially just that day to refile a case in Illinois. That understanding of equitable tolling would totally eliminate the second prong of equitable tolling, which is that there needs to be a diligent refiling of the action. If equitable tolling served to just freeze an action at the time or freeze the statute of limitations at the time the first action is filed, you know, you could imagine a situation where this action was filed three years into the statute of limitations, four years passes by, federal court dismisses the action, we certainly wouldn't have three years to then refile. The diligent refiling prong of equitable tolling governs, you know, that's there to make sure that somebody refiles the matter within a reasonable amount of time. I'm sorry to interrupt you, but to have equitable tolling apply, doesn't the other party have to do something to cause the party who is asserting equitable tolling, preventing them from being able to proceed with the action though? And if so, what was the improper delay or cause of preventing your client from filing the action on a timely basis? So, Your Honor, there is a separate doctrine that would extend the statute of limitations. I'm drawing a blank on what that term is. It's also an equitable doctrine, and that one requires there to be some sort of… Estoppel, equitable estoppel. Yes, yes, thank you, Your Honor. That requires some sort of, bad act might be strong, but misconduct on the other side, and that's what justifies the tolling of the statute. Equitable tolling does not have that same requirement. The defendant doesn't have to do anything wrong. As long as the plaintiff does things right, they are entitled to equitable tolling. So, there's nothing that OASIS necessarily did wrong in this case, but that doesn't mean that equitable tolling is still not available to Ms. Gaffner. How about, if the five-year Illinois statute of limitations applies, and it appears to apply, and you're not disputing that it applies to unjust enrichment, you're disputing whether it applies to the deduction. There was nothing to toll with the five-year statute of limitation, correct? You filed a year beyond that. Yes, Your Honor. So, our argument is that the statute of limitations did not accrue on the unjust enrichment until that last payment came through. If the court finds that the unjust enrichment claim accrued when the contract was signed, then the unjust enrichment claim was not filed within the statute of limitations, and equitable tolling would not apply. I'm sure they're going to raise this argument. What about the fact that the language about the proper form being the Circuit Court of Cook County was obvious, was bold, was right into the agreement, there was nothing hiding it? Again, I think that goes, Your Honor, as to whether it was reasonably debatable, our filing in the New Jersey court. I think there can certainly be circumstances where you've got a clear form selection clause, somebody decides to file in another jurisdiction, and there is no basis for that. And I think that there would be a very good argument in that circumstance that, look, equitable tolling applies. This isn't mistaken. This is just somebody deliberately filing it in a different forum without a basis to ignore the form selection clause. Here, we had an argument that New Jersey courts should have taken jurisdiction, that being that the contract was void. If our legal theory is accepted, the contract is void under New Jersey law. And that would void not just the terms of the funding agreement, but also the class action, the bar on class actions, the form selection clause, all of that. So, again, the standard, I think, is frankly even lower than reasonably debatable, but I think our tactic in filing in New Jersey was reasonably debatable and entitles us to equitable tolling. Counsel, you're going to have to kind of wind up now. Thank you. I'll just briefly address the DEC action. Under New Jersey law, there is no common law DEC action and common law statute of limitations. The way that New Jersey calculates the declaratory judgment statute of limitations is it looks at kind of the nature of the claim. And so if the declaratory judgment relief comes from a statute, it shares the statute of limitations with that statutory claim. Our DEC action is limited to the relief that's afforded under the CFA, and that's a declaration that this act violates the CFA. And for that reason, the six-year statute of limitations should apply, and that action should be considered filed timely in the New Jersey action. Thank you. Thank you, Counsel. Thank you. And I'm going to try to say your last name. Is it Skoziklis? Close. Thanks for trying. It's Skochilis. Skochilis. All right. Thank you, Counsel. You can proceed. May it please the Court. Shannon Gaffner is not the kind of plaintiff whose untimely claims should be saved by the extraordinary remedy of equitable tolling. She waited to the very last day of her claim's six-year limitation period to file her case in New Jersey in violation of her purchase agreement's mandatory form selection clause. And she's fundamentally wrong about how equitable tolling works. For the purpose of this appeal, it really actually doesn't matter whether the doctrine of equitable tolling applies or not. The only thing that equitable tolling can do is pause the running of a statute of limitations. It cannot add extra time to the clock once a limitation period resumes running and then expires. So even giving the appellant the benefit of equitable tolling, which is not warranted here, the time on her claims ran out at the very latest on March 19, 2024, when the federal New Jersey courts entered its dismissal order. Her claims were therefore irredeemably time-barred by the time she filed them in Cook County on April 15, 2024. The court should therefore affirm the circuit court's dismissal of her complaint with prejudice. I have a question. If we agree with your argument regarding equitable tolling, do we need to decide whether New Jersey versus Illinois limitations applies to the counts, to some of the counts? No. If you accept that equitable tolling can only pause and not extend the time for a statute of limitations, then no, it doesn't matter. And so let's look a little closer at the timing. She had six years to bring her claims, but she waited until 1042 p.m. on January 4, 2023, with an hour and 18 minutes left on the statute of limitations for her claim to file them. But again, equitable tolling can't extend a statutory period. The question isn't whether 27 days was a reasonable amount of time for the appellant to refile her claims in Cook County after dismissal. The question is how much time was left on the clock when she originally filed in New Jersey, because if tolling applies, that's all the time she had left to file her claims in Cook County once the New Jersey federal court dismissed her claims and the statutes began running again. The answer to that question is no time, zero days. And that's what differentiates her case from the New Jersey tolling cases on which she relies. You look at Burke, for example, which is a very complex procedural history. The plaintiffs filed in federal court only six months into a six-year statute of limitations. The federal courts, with two appeals to the third district, it took well over five years for the case to ultimately be dismissed. But with time left on that limitations clock, when tolling stopped and the statutes began running again, we have the second requirement, which is the only requirement that Mr. Baczynski talked about. The plaintiffs had to be diligent in refiling their cases in state court. And they did that. In Mitzner, another New Jersey case, the plaintiffs filed with about 10 months left on their claim statutory period. Negron had more than a year left on her claim statutory period when she first filed in federal court. So these plaintiffs all had time for tolling to help them. And so from a timing perspective, though, I want to turn to Galligan, which is a New Jersey Supreme Court case. The facts of that case come closest to the facts that this court is dealing with here. In that case, the plaintiff filed wrongful death and Survival Act claims in federal court with only three days left on the statute of limitations. After defendants moved to dismiss for lack of diversity jurisdiction, which was the only basis for federal jurisdiction, plaintiffs saw the writing on the wall and filed her claims in New Jersey state court while the federal case was pending. So when the federal case was dismissed and the statute of limitations began running again, her state court claims were already timely filed. Contrast that with appellant here, who, unlike the Galligan plaintiff, never filed in Cook County while the federal case was pending and never prepared to immediately file her claims in Cook County in the event of dismissal, even though, like the Galligan plaintiff, she was on notice that her claims could be dismissed. So even if the court were inclined to apply the equitable tolling doctrine here, it should reject appellant's attempt to turn the doctrine from a time suspender into a time extender. Well, even if they had filed in Illinois or in Cook County while the motion to dismiss was pending, wouldn't you still raise the statute of limitations claim and argue that no time was left? Well, what I would argue is that equitable tolling doesn't apply. Period. Because if equitable tolling doesn't apply, the statute of limitations. Well, you would argue that equitable tolling. So you're distinguishing that they didn't run to Illinois when a motion to dismiss was pending. Yes. Sure. In this case, if tolling applied. Appellant would have had up to the day of the dismissal because there was no time left on the statutory statute of limitations for her to file in Cook County. She could have done that, but she did not. If she filed while the case was pending in federal court or on that day of the dismissal, she still needs equitable tolling to have stopped the clock from running while the federal case was pending. So but let's let's talk then about appellant's wrong form tolling argument. It just doesn't hold water here. She was represented by counsel when she signed her agreement, which contained a clear and conspicuous forms selection clause. And she admits in her reply brief that she deliberately chose to violate her agreement and file in New Jersey to take advantage of New Jersey policy concerns. And by the way, appellant did not argue that to Judge Hall in the case below. She did not identify any reasons that she chose to file in New Jersey. And she didn't argue that the form selection clause issue is reasonably debatable. In any event, appellant now asserts that this strategic choice qualifies as a mistake under the New Jersey equitable tolling doctrine. But she cites no cases in support of the proposition that intentionally violating a contractual form selection clause is a mistake that opens the door to equitable tolling. In fact, no New Jersey or Illinois court that appellees could locate has ever defined mistake so broadly as to include deliberately disregarding a mandatory form selection clause. This court should not reward appellant for making a deliberate strategic decision to breach her agreement and file in the wrong form with equitable tolling. I mean, appellant took a gamble on this form selection argument and filed in New Jersey, and that didn't pay off. She could have filed in Cook County while the federal case was pending. She could have filed in Cook County at the outset. She could have had her complaint for Cook County ready to go to be filed on the date of that dismissal order. But she didn't do any of those things. She has to live with those consequences now. She had used up all six years of the statutes of limitations when she filed in New Jersey, which doesn't reflect diligence. And she didn't diligently on notice that her claims could be filed. And by on notice, New Jersey courts routinely enforce form selection clause. And at that point, we were in federal court and the federal policy and the enforcement of form selection clauses is very strong. So it shouldn't have come as a surprise that appellant should have been ready to go. But she wasn't. Although, whether the statute of limitations on appellant's claim should or should not be told, again, that's irrelevant because even with tolling, the statutes expired before she finally filed in Cook County on April 15th, 2024. So because appellant's claims were unquestionably time barred when she finally filed them here, the OASIS parties respectfully request that this court affirm the circuit court's order dismissing appellant's complaint with prejudice pursuant to Section 261985 of the Code of Civil Procedure. Thank you, Counsel. Counsel Rivato. Thank you, Your Honor. Diligence for equitable tolling refers to diligence in terms of refiling. So there are cases where parties have taken too long to refile an action after an action has been dismissed for being filed in the wrong forum. And those cases were found to not get the benefit of equitable tolling. It's not a single case that has been cited that found less than 30 days to be not diligent in the response. There is also no case that I have seen that where a court criticized an individual for filing an action at the very end of the statute of limitations or found them to be not diligent for doing so. The standard is merely whether the action was filed within the statute of limitations or not. And it may have been the last day, but it was filed within the statute of limitations. Counsel has cited a couple of cases, including Galligan, to suggest that equitable tolling, again, it only provides you with the amount of days that you have remaining at the time you filed the first action. There is no case that suggests equitable tolling works that way. The cases that were cited, the Galligan case, that's just how the factual circumstances played out. But in none of those cases that the court suggests that, look, if you had waited X, you know, X amount of days based on the amount of time left in the statute of limitations when you initially filed the action, you wouldn't have gotten the benefit of equitable tolling. The only limitation on equitable tolling is whether it was diligently refiled. And this case was diligently refiled because it was refiled within less than 30 days of the action being dismissed in federal court. And Galligan provides, I think, the best explanation as to this issue about filing in the wrong forum. Galligan says it has been recognized that a mistake in the selection of a court having questionable or defective jurisdiction should not defeat tolling of the statute. We made a choice, and that's true, that we filed it in New Jersey. But the mere fact that it ended up being not the right forum does not defeat equitable tolling. Again, the court takes a look at the basis for why it was done that way. And it was reasonably debatable that a New Jersey court could have taken jurisdiction over the case. Excuse me. When you were in the circuit court, did you present arguments or facts to defeat the claim that this was not a mistake, that you had what you are now referring to as a basis for filing in New Jersey? Yes, Your Honor. It's in the opposition to the motion to dismiss. We talk about the fact that we filed it mistakenly in the wrong forum in New Jersey, and that New Jersey court — I'm sorry, I know I had the language here in my notes — but that the New Jersey court simply found that that was the wrong jurisdiction. That argument explains the basis for why it was wrongly filed in New Jersey. I just wanted to quickly address the class action waiver part. I know that my friend on the other side argues that it's not something that needs to be addressed. It was an advisory opinion because the case was dismissed anyway. I don't think that this court needs to get to the bottom of whether the class action waiver is upholdable or not because the underlying agreement is void. But I certainly don't want to go back down to the district court and the district court say, well, I've already ruled on this. So some sort of guidance to the district court that we're not accepting this as a final decision on whether the class action waiver is enforceable or not, I think would benefit this case moving forward, assuming the court reverses dismissal. I have a quick question. The 27 or 30 days, what's your authority on the 30 days? Yes, Your Honor. So we cited some New Jersey cases on that that talks about how quickly the case has been filed. I can find that for you, but I know it's in the appellant's brief. Okay. Did those cases involve situations where there was still time on the statute of limitations before the filing? I would have to take a look, Your Honor. I'm not aware of any of those cases specifically raising the issue that opposing counsel brought, that we've got to take a look at how much time was left on the underlying statute of limitations to calculate whether equitable tolling still applies. They simply looked at how many days from the time of dismissal to the time of refiling. I'm probably out of time, but if there are any questions. I don't have any further questions, Justice Rochford or Justice Reyes. No, no, no further questions. I thank you both for very good arguments. We will render a decision sometime in the near future. Have a wonderful rest of your day.